(11 Misc. Rep. 325.)

### JATON v. BRENTWOOD HOTEL CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

EVIDENCE—CONCLUSION OF WITNESS.
  On an issue as to whether one W. was authorized by defendant to employ plaintiff, it is error to ask W. whether, from conversations that he had with some of defendant's directors, they employed him as manager and authorized him at any of the conversations to hire help, as such question calls, not for the conversations themselves, but for the witness' conclusion as to the legal effect thereof.

Appeal from Eighth district court.

Action by Louis Jaton against the Brentwood Hotel Company for work, labor, and services. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John W. Blair, for appellant.
Welsh & Daniels, for respondent.

BOOKSTAVER, J. The plaintiff sued for wages claimed to have been earned by him as cook in the Austral Hotel, at Brentwood, Long Island, between January 23 and April 7, 1894, and claimed that he worked in that hotel in that capacity during the period specified, which claim is undisputed. It is likewise undisputed that the hotel was owned by the defendant company. But defendant denied it was interested in the management of it at that time. It also denied that plaintiff was employed by any one having authority to speak for the company, and that defendant ever received any benefit from

his services, or agreed to pay him therefor. It is uncontradicted that the contract for plaintiff's services was made by one Stanley H. Wetmore.

Two questions of fact were presented for determination: First. In hiring the plaintiff, did Wetmore contract for himself or for the company? And, second, if for the company, had he authority to do so? From the return we strongly incline to the opinion that the contract of hiring was made by Wetmore either for himself or for the syndicate of which he was a member, and not for the company; and the evidence that Wetmore at the time was acting for the company seems to us to be entirely inconclusive. But as, in our judgment, there must be a new trial of this action, it would be improper for us to determine either of these questions on this appeal, as a new trial may develop other facts in relation to both.

Upon the trial, Mr. Wetmore was on his direct examination asked this question: "Mr. Wetmore, from the conversations that you had with Mr. Pinto and Mr. Hart, did they employ you as manager to take charge of the Austral Hotel at Brentwood, Long Island, and authorize you, at any of those conversations, to hire sufficient help to run the same?" And this question: "And, again, I want to know particularly if Mr. Hart, at any of those conversations, informed you whether he was a director of the Brentwood Hotel Company, and authorized to hire you as manager, and authorize you to hire others." Both of these questions were objected to as incompetent, and, in the objection to the first, specific attention was called to the fact that it called for a conclusion; but the court overruled the objection to both questions, and the witness was permitted to answer them. No argument seems to us necessary to show that these rulings were erroneous. The questions called, not for the conversations themselves, but for the witness' conclusion as to the legal effect of such conversations. It was one of the vital points to be determined by the court, and not by the judgment of the witness. A number of other questions, entirely irrelevant to the inquiry, were asked by plaintiff's counsel, and objected to by defendant's counsel; but the objections were overruled by the court, and the testimony admitted, which it is not now necessary to further discuss. It is impossible for us to say that these answers did not have an influence upon the court in arriving at a conclusion, and therefore the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.