## M. S. HUEY CO. v. ROTHFELD.

### (Supreme Court, Appellate Term. November 18, 1903.)

1. EVIDENCE—CONCLUSION OF WITNESS.

   On the issue whether a foreign corporation was doing business in the state during a specified period, the conclusion of an agent of the corporation that it was, was not evidence of that fact.

2. APPEAL—PRESUMPTIONS.

   Where a judgment may have been rendered on either of two issues, one of which was insufficiently established, the court on appeal will not assume that it was based on the other issue.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the M. S. Huey Company against Isaac Rothfeld. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

M. G. Gonterman, for appellant.

A. B. Schleimer, for respondent.

BISCHOFF, J.   The action was for goods sold and delivered, and the determination for the defendant may have proceeded upon the court's acceptance of the evidence given to prove a justified rejection of the goods, or upon the affirmative defense that the plaintiff, a foreign corporation, was not entitled to maintain the action for failure to procure the statutory certificate.   As to this defense, the issue was whether the plaintiff was doing business within the state when the claim in suit arose, and to prove the affirmative the defendant called an agent of the plaintiff, and, over objection, was permitted to ask him whether the corporation was "doing business within the state during the appropriate period."   The witness answered that it was, and it appears from the rulings that the answer was deemed to be proof of the fact.

This evidence was the witness' conclusion upon the ultimate fact in issue, and the question substituted the opinion of the witness for the opinion of the trial court upon the evidentiary facts which should have been presented to the court.   Jaton v. Brentwood, 11 Misc. Rep. 325, 32 N. Y. Supp. 131.   Doubtless a question like this would be unobjectionable in a case where the fact of doing business, in the usual understanding of the term, merely had a bearing upon some issue, and was not itself the issue to be determined; but here the ultimate fact of doing business was to be proven by evidence of what was done, not by the conclusions of a witness.   We cannot assume

that the judgment was rendered upon some ground not involving the affirmative defense, and, for the error pointed out, there must be a new trial of the cause.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.